IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALGIE PATTON,           ) | |
|        Petitioner,           ) | |
| vs.           ) | No. 3:17-CV-3310-L (BH) |
|           ) | |
| T.D.C.J. PAROLE DIVISION,           ) | |
|        Respondent.           ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* habeas case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the *Application to Proceed in Forma Pauperis,* received on December 6, 2017 (doc. 4), should be denied, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

Algie Patton (Petitioner), an inmate in the Dallas County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a handwritten *Application to Proceed in Forma Pauperis* that were received on December 6, 2017. (*See* docs. 3, 4.) The form petition stated that failure to notify the court of a change of address could result in dismissal of the case. (*See* doc. 3 at 2.) On the date that his petition was received, a form with instructions for prisoner pro se plaintiffs was mailed to the address he provided. (*See* doc. 2.) The instructions specifically provided that he must notify the court if his address changed or his case could be dismissed. (*See id.*)

By *Notice of Deficiency and Order* dated December 8, 2017, Petitioner was advised his handwritten application to proceed *in forma pauperis* (IFP) did not provide enough information to decide if IFP status was appropriate because it was not on the correct form and did not contain a properly signed certificate of inmate trust account  (*See* doc. 5.) It advised him that he must either pay the $5.00 filing fee or submit an IFP application on the correct form with the required certificate

of inmate trust account within thirty days, and that a failure to do could result in the dismissal of the case. (*Id.*) On December 27, 2017, the form instructions and *Notice of Deficiency and Order* were returned as undeliverable. (*See* docs. 6, 7.)

More than thirty days from the date of the *Notice of Deficiency and Order* have passed, but Petitioner has not filed either a change of address form or an IFP application on the correct form with certificate of inmate trust account, or paid the filing fee. He has not filed anything else in the case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to file a notice of change of address despite warnings that failure to do so could result in dismissal of the case, and mailings from the Court have been returned as undeliverable as a result. He has also failed to comply with the *Notice of Deficiency and Order* that he either pay the filing fee or submit an IFP application on the correct form with a certificate of inmate trust account despite a warning that failure to do so could result in dismissal of the case. Nor has he filed anything else. Because Petitioner failed to file a notice of change of address or follow a court order or otherwise show that he intends to proceed with this case despite notice of the consequences of any failure to comply, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

### III.  RECOMMENDATION

Petitioner's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Petitioner either pays the filing fee or submits an IFP application on the correct form with certificate of inmate trust account within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 31st day of January, 2018.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```